UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA, ETC., et ano,

                    Plaintiff,     ORDER

        - against -              CV 2003-1383 (SJF)(MDG)

J.A. JONES CONSTRUCTION GROUP, LLC,

                    Defendant.

- - - - - - - - - - - - - - - - - - - X

     By letter dated November 23, 2005, Edward J. Henderson, counsel for plaintiffs, requests this Court to reconsider an order dated November 22, 2005 staying this action for 60 days. Although plaintiffs are correct that this Court incorrectly mentioned that November 12, 2005 was the date that the Canadian parent of defendant LBL Skysystems (U.S.A.) Inc. ("LBL") filed for protection under Canadian bankruptcy laws, that one mention of 2005 as the year of the bankruptcy filing is a typographical error. As reflected elsewhere in the prior order, this Court is cognizant of the fact that the filing was made in 2002 before the commencement of this action.

     Second, although the plaintiffs are correct that the provisions governing recognition of foreign proceedings set forth in Title VIII of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Act"), Pub. L. No. 109-8, 119 Stat. 23 (2005) (codified as 11 U.S.C. §§ 1501 et seq.), did not go into effect until October 17, 2005, id., Title XV (codified at 11 U.S.C. § 101 note), the Act provides that "the amendments made by this Act shall not apply with respect to cases commenced under title 11,

United States Code, before the effective date of this Act."  Id. (emphasis added).  There has been no case commenced under either the new Chapter 15 of the Bankruptcy Code or the predecessor statute.  11 U.S.C. § 304.  Section 304 had also provided a mechanism for dealing with foreign bankruptcies, but has been repealed outright.  Pub. L. No. 109-8, § 803, 119 Stat. 23, 146.  As the House Judiciary Committee observed, "[a]lthough a petition under current section 304 is the proper method for achieving deference by a United States court to a foreign proceeding under present law, some cases in state or Federal courts under current law have granted comity suspension or dismissal of cases involving foreign proceedings without requiring a section 304 petition or even referring to the requirements of that section."  H.R. Rep. No. 109-31 at 110 (2005).

Since this Court is not persuaded by these or any other reasons presented by plaintiffs' not to give the interim receiver an opportunity to utilize the procedures under the Bankruptcy Code, plaintiffs request for reconsideration is denied.  Any objections must be filed within ten days of this order.

**SO ORDERED.**

Dated:   Brooklyn, New York
         November 28, 2005

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE