UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA, ETC., et ano,

Plaintiff,

- against -

J.A. JONES CONSTRUCTION GROUP, LLC,

Defendant.

- - - - - - - - - - - - - - - - - - - - X

CORRECTED
ORDER

CV 2003-1383 (SJF)(MDG)

This Court has received a letter from Jean-Daniel Breton, Senior Vice President of Ernst & Young Inc.,[1] who states that he is the Interim Receiver to the property of defendant LBL Skysystems (U.S.A.) Inc. ("LBL") pursuant to an order dated November 12, 2002 of the Superior Court of Quebec, sitting in matters of bankruptcy and insolvency for the district of Terrebonne. Advising that a trustee had been appointed and a proposal submitted to creditors in connection with bankruptcy proceedings in Canada, Mr. Breton seeks a stay of this action in accordance with Canadian bankruptcy law.

**DISCUSSION**

In the recently enacted Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109-8, 119 Stat. 22 (2005), Congress added a new chapter to the Bankruptcy Code (the "Code") designed "to provide effective mechanisms for dealing

[1] Although Mr. Breton has denominated his letter as "Confidential," the letter will be filed in this action since it appears to contain only matters of public record.

with cases of cross-border insolvency ...." 11 U.S.C. § 1501(a). Incorporating the provisions of the Model Law on Cross-Border Insolvency, the new chapter 15 "is intended to encourage cooperation between the Untied States and foreign countries with respect to transnational insolvency cases" and "to provide for the fair and efficient administration of cross-border insolvencies ..." H.R. Rep. No. 109-31 at 105 (2005). Any determination of a request for assistance under chapter 15 must be "consistent with principles of comity...." 11 U.S.C. § 1507. As the House Judiciary Committee noted in its report, "comity is raised to the introductory language to make clear that it is the central concept to be addressed." H. Rep. at 109; see also 11 U.S.C. § 1509(b)(3) (once recognition of a foreign proceeding is granted, the "court in the United States shall grant comity or cooperation to the foreign representative").

Generally, the provisions of chapter 15 are applicable to cases where "assistance is sought in the United States by a foreign court or a foreign representative in connection with a foreign proceeding."[2] 11 U.S.C. § 1501(b)(1). Once a foreign bankruptcy proceeding is recognized, a wide range of relief available under American bankruptcy law immediately becomes applicable, including the automatic stay provision in section 362

---

[2] A "foreign proceeding" includes "a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency ... for the purpose of reorganization or liquidation" and a "foreign representative" is "a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding." 11 U.S.C. § 101(23) and(24).

of the Code. See 11 U.S.C. § 1520 (incorporating sections 361, 362, 363, 549, and 552 of the Code as to debtors and property of debtors within the territorial jurisdiction of the United States). In addition, the foreign representative has a right to seek other relief not provided under § 1520. 11 U.S.C. § 1521.

However, relief under Chapter 15 is available only after a foreign representative commences an ancillary proceeding for recognition of a foreign proceeding before a bankruptcy court. 11 U.S.C. § 1504; H. Rep. at 107-08 (discussing statutory scheme and amendment of 28 U.S.C. § 157 to designate a petition for recognition as a "core proceeding"). Any petition for recognition must be accompanied by "(1) a certified copy of the decision commencing such foreign proceeding and appointing the foreign representative; (2) a certificate from the foreign court affirming the existence of such foreign proceeding and of the appointment of the foreign representative; or (3) ... any other evidence acceptable to the court of the existence of such foreign proceeding and of the appointment of the foreign representative." 11 U.S.C. § 1515(b). The minimal requirements of § 1515, coupled with the presumptions as to certain evidence submitted to support recognition, 11 U.S.C. § 1516, were "designed to make recognition as simple and expedient as possible..." H. Rep. at 112. Once recognition is granted, the foreign representative has the right to "apply directly to a court in the United States for appropriate relief in that court ... to an American to federal courts...." 11 U.S.C. § 1509(b)(2).

In the absence of recognition under chapter 15, this Court has no authority to consider Mr. Breton's request for a stay. Such a request may not be necessary should a bankruptcy court grant a petition for recognition. In most cases, commencement of an ancillary proceeding before a bankruptcy court may be unnecessary, since, as a practical matter, a plaintiff or other creditor with little prospect of recovery has little incentive to pursue a defunct defendant foreign corporation. However, there is a substantial claim pending before the General Services Administration for compensation for delays with respect to the construction project at issue in this case, including claims relating to LBL. See Stipulation and Order dated March 21, 2005 (ct. doc. 90) at ¶¶ 3-5. Defendant Fireman's Fund Insurance Company, taking over as surety for defendant J.A. Jones Construction Group, LLC, on a payment bond, has agreed not to transfer any funds received with respect to LBL's delay claims. Id. at ¶ 8.

As Mr. Breton advises, LBL's Canadian parent had filed for bankruptcy well before commencement of this action. The parties apparently have also been aware for some time that LBL is insolvent and that its Canadian parent is in receivership. See Affidavit of Edward J. Henderson dated March 4, 2005 (ct, doc. 88-6); Stipulation and Order (ct doc. 90). Ideally, some action should have been taken to apprise American courts formally of the receivership in this action earlier. However, Harlan Cohen, the attorney who previously appeared on LBL's behalf in this action, did so only because it also represented the surety bonding LBL

with respect to a related action brought by plaintiff under the Miller Act, 2003-CV-1164 (ERK). See Affirmation of Harlan Cohen (ct. doc. 89) at ¶¶ 3-5. By the time settlement of the related action was reached in February 2005, Mr. Cohen was no longer able to communicate with LBL. Id. ¶¶ 8, 12.

Under these circumstances and given the comity that American courts should accord foreign bankruptcy proceedings, the receiver of LBL's parent should be given an opportunity to seek appropriate protection of that corporation's assets. Thus, this Court stays this action for an additional 60 days to give Mr. Breton or other authorized person an opportunity to seek appropriate relief under chapter 15 with respect to LBL.

The next conference scheduled for December 16, 2005 is adjourned. A copy of the docket sheet in this case, which contains the names and addresses for the attorneys in this action, will be faxed with this order to Mr. Breton and to Mr. Michel Thibault, of Raymond Chabot Grant Thorton Inc.

**SO ORDERED.**

Dated: Brooklyn, New York
November 29, 2005

/s/______________________________
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE